UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREA STEVENS,
for herself and class members,

        Plaintiff,

v.

SCHISLER LAW, P.L.C.,
SCOTT A. SCHISLER, AND
RUSTIN ALLEN SCHISLER,

        Defendants.
_____/

CASE NO. 1:14-CV-0010

HON. ROBERT J. JONKER

## ORDER ON JOINT MOTION

The parties to this action have reached a proposed class action settlement, subject to court approval. The parties move jointly for certification of a class for settlement purposes, and for preliminary approval of the settlement terms. The Court conducted a hearing on November 10, 2016. Based on the joint motion of the parties and all other matters of record, and for the reasons summarized in open court and now detailed here, the Court finds and orders:

    1.    The Settlement Agreement and the settlement it embodies are preliminarily approved as fair, reasonable, and adequate. This Order incorporates by reference the definitions in the Class Action Settlement Agreement ("Agreement") and all terms defined therein shall have the same meaning in this Order as set forth therein.

    2.    The Court finds that the requirements of Rule 23(a) and (b)(3) are satisfied by the proposed class definition, and the Court certifies the following class for settlement purposes:

all individual judgment debtors who were subject to a Michigan garnishment that: (1) was initiated between the dates of January 7, 2008 and the Preliminary Approval Date (the "Class Period"); (2) was signed by Schisler Law, P.L.C., Scott A. Schisler, Rustin Allen Schisler, or one of Schisler Law, P.L.C.'s attorneys; (3) was filed during the class period; and (4) included in the amount of the unsatisfied judgment then due (a) the costs of that garnishment or (b) the costs of a prior, unsuccessful garnishment (that is, a garnishment for which the garnishee did not disclose that it was indebted to the defendant, held any property subject to garnishment, or was the defendant's employer at the time it was served with the garnishment and for which the judgment creditor was not paid any money by the garnishee pursuant to the garnishment as of the effective date of the proposed Agreement in this lawsuit.

The following persons, assuming that they otherwise meet the Class definition, will be excluded from the settlement class:

    a. any person who is already subject to an existing general release that covers either of the defendants;

    b. any person who is deceased as of the date of preliminary certification;

    c. any person who has filed for bankruptcy protection under Title 11 of the United States Code on or after the start of the Class Period; and

    d. any Class Member who timely mails a request for exclusion.

3. For purposes of implementing the settlement, named Plaintiff Andrea Stevens is appointed the class representative, and Michael O. Nelson and Phillip C. Rogers are appointed as counsel for the Settlement Class ("Class Counsel"). If the Settlement Agreement terminates by its terms, nothing in this Order shall prevent a return of the parties to the litigation status in effect immediately prior to the execution of the Settlement Agreement.

4.     The Notice of Class Action Lawsuit and Proposed Settlement ("Notice") is attached as Exhibit A.

5.     As soon as practicable, but no later than January 15, 2017, Defendants, or their designee, will print, copy, and mail the Class Notice to the Class Members at the most current address reflected in Defendants' records, with a notation on the envelopes requesting address correction.  If any notice is returned with a new address, the notice will be re-mailed to the new address.  As to any class member whose notice is returned without a forwarding address Defendants or their designee, shall run such Class Member through the National Change of Address database to seek a good address and they shall re-send the Notice to any Class Member for whom it is able to obtain a new address as a result of such search. Defendants shall use their best efforts to provide prompt re-sending of any returned notices.  However, Defendant and its attorneys shall not be responsible for the failure of the Postal Service to timely deliver or return a class notice.  Defendants shall have no obligation to re-send a notice that is not returned by the Postal Service less than seven days prior to the Final Fairness Hearing.

6.     Not later than March 15, 2017, any member of the Settlement Class who desires to be excluded from the Settlement Class must mail a written request for exclusion addressed to Class Counsel and Defendants' counsel as follows:

        Class Counsel:        Phillip C. Rogers
                                        40 Pearl Street, N.W., Suite 336
                                        Grand Rapids, Michigan 49503-3026

                                        Michael O. Nelson
                                        1104 Fuller N.E.
                                        Grand Rapids, Michigan 49503

      Defendants' Counsel:  Jeffrey S. Hengeveld
                 38505 Woodward Avenue, Ste. 2000
                 Bloomfield Hills, Michigan 48304

The request for exclusion must include the Class Member's full name, address, telephone number, signature, and the last four digits of his or her Social Security number, together with a statement to the effect that he or she wishes to be excluded from or to opt out of the Class.  All such persons who timely and properly mail requests for exclusion from the Settlement Class shall not be Settlement Class Members and shall have no rights with respect to the Settlement and no interest in settlement proceeds.

    7.  Class Counsel shall file with the Court and serve a copy upon Defendants' Counsel of all timely and valid requests for exclusion or a list identifying those who submitted timely and valid requests for exclusion no later than fourteen (14) days before the Fairness Hearing.

    8.  All Class Members who do not timely and properly elect to exclude themselves from this Settlement will be bound by this Settlement.

    9.  Any Class Member who timely and properly elects to exclude themselves from this Settlement may proceed with his or her own action.  No portion of the Settlement Agreement may be entered into evidence in any action by any Class Member who excludes themselves from the Settlement.

    10.  The Fairness Hearing shall be held on **April 17, 2017, at 2:00 p.m.**, at 699 Federal Building, Grand Rapids, Michigan before the undersigned to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved.  The parties' briefs and supporting papers in support of the proposed settlement shall be filed not later than fourteen (14) days before the Fairness Hearing.  The Fairness Hearing described in this paragraph may be

postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Class except to those Class Members who file timely objections to the Settlement.  After the Fairness Hearing, the Court may enter a Settlement Approval Order and Final Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Class Members.

11.  Any member of the Settlement Class who is not excluded from the Settlement Class and who objects to the approval of the proposed Settlement may appear at the Fairness Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate.

12.  Objections to the Settlement or any petition to intervene in the Action may be heard only if filed with the Court and served on Class Counsel at the addresses below no later than April 3, 2017.  Such objections and petitions to intervene must be submitted in writing, must state (1) the Class Member's full name, address, telephone number and the last four digits of his or her Social Security number; (2) the factual and legal grounds for the Class Member's objection; (3) whether the Class Member intends to appear at the Final Fairness Hearing on his or her own behalf or through counsel; (4) the names, addresses and phone numbers of all witnesses whom the Class Member or the Class Member's attorney intends to call at the Final Fairness Hearing.  The formal objection or letter must be accompanied by any evidence the Class Member wishes to introduce to support the objection.

    Class Counsel:    Phillip C. Rogers
                              40 Pearl Street, N.W., Suite 336
                              Grand Rapids, Michigan 49503-3026

                              Michael O. Nelson
                              1104 Fuller N.E.
                              Grand Rapids, Michigan 49503

    Defendants' Counsel:  Jeffrey S. Hengeveld
               38505 Woodward Avenue, Ste. 2000
               Bloomfield Hills, Michigan 48304

The objections must state the name of this action. No Settlement Class member shall be entitled to be heard and no objection shall be considered unless these requirements are satisfied.

  13.  No person shall be entitled to contest the approval of the terms and conditions of this Settlement or the judgment to be entered thereon except by filing and serving written objections in accordance with the provisions herein. Any member of the Settlement Class who fails to exclude themselves from the Settlement Class or who fails to object in the manner prescribed shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in this Action.

  14.  Defendants and Class Counsel are hereby authorized to use and disclose such information as is contemplated and necessary to effectuate the terms and conditions of this Settlement, and to protect the confidentiality of the names and addresses of Class Members or other confidential or proprietary information pursuant to the terms of the Settlement.

  **IT IS SO ORDERED**.


Dated: November 21, 2016    /s/ Robert J. Jonker
                 ROBERT J. JONKER
                 CHIEF UNITED STATES DISTRICT JUDGE